704 So.2d 1016 (1997)
T. DOE, Individually, and in Her Capacity as One of the Wrongful Death Beneficiaries of D. Doe
v.
MISSISSIPPI BLOOD SERVICES, INC.
No. 94-CA-01262-SCT.
Supreme Court of Mississippi.
October 2, 1997.
*1017 T. Roe Frazer, II, Langston Frazer Sweet & Freese, Jackson, for appellant.
John P. Sneed, Phelps Dunbar, Jackson, Walker W. Jones, III, Jackson, for appellee.
Before PRATHER, P.J., and JAMES L. ROBERTS, Jr. and MILLS, JJ.
MILLS, Justice, for the Court:
¶ 1. This appeal deals solely with the application of Rules 9(h) and 15(c)(2) of the Mississippi Rules of Civil Procedure. From an Order of the Hinds County Circuit Court granting the motion to dismiss and for summary judgment filed by Mississippi Blood Services, Inc., T. Doe appeals.

I.

FACTS
¶ 2. In October of 1983, D. Doe received a blood transfusion while undergoing a hysterectomy at Forrest General Hospital. She was diagnosed with AIDS in September of 1987 and died as a result of the disease on January 1, 1991.
¶ 3. The plaintiff began efforts to determine the true parties to this action on December 27, 1993, when Ginny Y. Kennedy, a paralegal of plaintiff's counsel contacted the United Blood Services of Mississippi office at Forrest General Hospital by telephone. She was told by "a person who answered the phone" that "United Blood Services of Mississippi had been providing blood and blood products to Forrest General Hospital for `many years.' She was not one hundred percent certain whether United Blood Services of Mississippi had provided blood to Forrest General Hospital in 1982 and 1983, but stated that United Blood Services of Mississippi probably did." The plaintiff requested hospital records for the first time on December 28, 1993. This request was cancelled on January 4, 1994.
¶ 4. T. Doe, the daughter of the deceased, filed a wrongful death claim on December 30, 1993, against United Blood Services of Mississippi, American Association of Blood Banks, and John Does 1-50. The parties to this action agree that the applicable statute of limitations would have run on January 1, 1994.
¶ 5. On February 2, 1994, United Blood Services removed the case to federal court and then sought to be dismissed from the action alleging that it did not supply the blood during the questioned time period. On July 8, 1994, T. Doe moved ore tenus to dismiss United and to join Mississippi Blood Services, Inc., a Mississippi corporation. On July 29, 1994, the plaintiff amended her complaint naming Mississippi Blood Services, Inc., and the federal court remanded the case to the Circuit Court of Hinds County.
¶ 6. Upon motion by the defendant, Mississippi Blood Services, Inc., Judge Coleman dismissed the action on December 2, 1994, finding that the "plaintiff did not have MBS listed as a substitute for a John Doe defendant" and that the plaintiff was "not reasonably diligent in obtaining the collector, etc., of the blood."

II.

LAW

A. THE PLAINTIFF FAILED TO PROPERLY SUBSTITUTE MISSISSIPPI BLOOD SERVICES, INC. FOR A FICTITIOUS PARTY.
¶ 7. The plaintiff failed to properly substitute Mississippi Blood Services, Inc. for *1018 a fictitious party. Mississippi Blood Services, Inc. was joined seven months after the three-year statute of limitations expired on the wrongful death cause of action. The appellant asserts that she properly substituted Mississippi Blood Services, Inc. for one of the John Doe defendants thereby enjoying the relation back provisions of Mississippi Rules of Civil Procedure 15(c) and 9(h). However, the record belies this assertion.
¶ 8. On July 8, 1994, the plaintiff moved for the voluntary dismissal of United Blood Services. In the same motion, the plaintiff requested leave to amend her complaint and named Mississippi Blood Services, Inc. The amended complaint simply replaced all references to United Blood Services with Mississippi Blood Services, Inc. All fifty unnamed fictitious defendants remained.
¶ 9. Rule 9(h) sets forth the following requirements for naming fictitious parties:
(h) Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.
Mississippi Rules of Civil Procedure 9(h). However, if one joins a new party without meeting the requirements set forth in Miss. Rules Civ. Pro. 9(h), the new party must be served prior to the running of the statute of limitations. In this case, the plaintiff merely substituted Mississippi Blood Services, Inc. for a named party, United Blood Services. The complaint filed against Mississippi Blood Services, Inc. was identical to the one filed against United Blood Services with only the names switched. In the amended complaint, the plaintiff continued to name all John Does found in the original complaint.
¶ 10. In Schultz v. Romanace, 906 S.W.2d 393, 395 (Mo. Ct. App. 1995), when faced with an analogous situation, the Missouri Court of Appeals refused to allow the joinder of two new parties after the running of the statute of limitations. On appeal, the plaintiff asserted that the new parties were substitutions for named John Does; however, the plaintiff added the new names "without deleting any fictitious name that was included in the original petition." Missouri found this was merely an attempt to join new parties after the expiration of the statute of limitations. Schultz, 906 S.W.2d at 395-96. In the case sub judice, the plaintiff is also attempting to characterize the joinder of a new party after the running of the statute of limitations as a substitution for a fictitious party. However, as in Schultz, all 50 originally named John Does remain. We find that the plaintiff improperly substituted Mississippi Blood Services, Inc. for United Blood Services, not for a fictitiously named defendant.

B. THE PLAINTIFF FAILED TO EXERCISE REASONABLE DILIGENCE TO ASCERTAIN THE TRUE PARTIES TO THE CAUSE OF ACTION PRIOR TO THE RUNNING OF THE STATUTE OF LIMITATIONS.
¶ 11. In addition to the plaintiff's failure to properly substitute parties, the claim was further properly dismissed due to the plaintiff's failure to timely determine proper parties. This Court, in Womble v. Singing River Hosp., 618 So.2d 1252, 1266-68 (Miss. 1993), fashioned a "reasonable diligence" test to determine the proper substitution of unknown parties. On March 28, 1988, nine (9) days before the running of the applicable statute of limitations, Womble filed a medical malpractice claim naming Singing River Hospital, the hospital's board of trustees, and Singing River Hospital's emergency room physicians and nurses (John Does 1-5) as defendants. Upon discovering the names of the emergency room physicians, the plaintiff substituted the doctors for the John Doe defendants. This Court refused to apply Rule 9(h) stating that:
there were numerous medical records on file at SRH indicating the extent to which Doctors Weatherall, Longmire, and Calhoun had participated in the treatment of Helen Womble. A reasonably diligent inquiry by the appellants into the history of the deceased's medical treatment would have revealed to appellants the identities of the persons they sought to identify categorically as "Emergency Room Physicians *1019 and Nurses (John Does 1-5)". Therefore, we hold that appellants were not ignorant of the identities of appellees in the sense contemplated by Rule 9(h). Consequently, no relief is provided appellants from the running of the statutory period by Rule 9(h).
Womble, 618 So.2d at 1267 (emphasis added).
¶ 12. The plaintiff asserts that Womble, when read in conjunction with the actual language of Rule 9(h), does not require the plaintiff to exercise due diligence in fact, but rather examines whether the plaintiff could have discovered the identity of the unknown defendant if due diligence had been exercised. We do not agree. Womble clearly applies a requirement that the plaintiff exercise a "reasonably diligent inquiry." It is clear that the plaintiff and her deceased slept on their rights for more than seven years after learning of decedent's illness. They first made a telephonic inquiry as to the source of the contaminated blood on December 27, 1993, only five days prior to the running of the statute of limitations.
¶ 13. The relation back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party. The trial court's review of whether the plaintiff exercised a reasonably diligent inquiry is to be strict. Upon review of the trial court's findings, this court will give great deference to the lower court finding that the plaintiff did not exercise reasonable diligence. Mississippi already enjoys one of the nation's longest general statute of limitations. This need not be judicially expanded to allow non-diligent plaintiffs the opportunities to sleep on their rights indefinitely.
¶ 14. The purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery. It is not designed to allow tardy plaintiffs to sleep on their rights for seven years, make only one telephone call prior to the running of the statute, and then enjoy the benefits of the rule.

CONCLUSION
¶ 15. Even though the appellant attempts to characterize the July 8, 1994 order as a substitution of Mississippi Blood Services, Inc. for one of the John Doe defendants, the plaintiff actually substituted Mississippi Blood Services, Inc. for United Blood Services, one of the named defendants. Most important, in the amended complaint, all fifty original John Does are still named. If the plaintiff had properly substituted Mississippi Blood Services, Inc. for one of the John Does, there should be only forty-nine left.
¶ 16. However, even if this were not the case, the appellant would not be saved by the relation back doctrine found in Rule 9(h). We strictly construe Rule 9(h) and adhere to the Womble requirement that the plaintiff actually exercise a reasonably diligent inquiry into the actual identity of the fictitious parties. Womble v. Singing River Hosp., 618 So.2d 1252, 1267 (Miss. 1993). This "due diligence" must occur prior to the running of the statute of limitations and must entail the actual exercise of "due diligence" rather than a mere finding that the party could have found the defendant's identity if it had exercised "due diligence."
¶ 17. We find that the trial court properly found that the plaintiff failed to exercise due diligence. After reviewing all of the evidentiary matters in the light most favorable to the plaintiff, it is clear that the plaintiff did not act diligently to discern the identity of Mississippi Blood Services, Inc. We therefore affirm the lower court's granting of summary judgment.
¶ 18. AFFIRMED.
PRATHER and SULLIVAN, P.JJ., and PITTMAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN LEE, C.J., concurs in result only.
BANKS, J., concurs with separate written opinion.
McRAE, J., dissents with separate written opinion.
*1020 BANKS, Justice, concurring:
¶ 19. I concur in the result reached by the majority. In my view the deferential standard of review that we give the findings of the trial court with respect to the question whether plaintiff exercised due diligence in ascertaining the names of the blood provider compels this result. There are elements in the majority opinion, however, which I am not prepared to accept.
¶ 20. First, I do not agree that it is significant that the amended complaint specified fifty as opposed to forty-nine John Doe defendants. That is, I would not defeat plaintiff's amendment because she failed to delete one of the John Doe defendants. To the extent that the majority opinion lends itself to that construction then, I disagree. Additionally, the suggestion that the trial court's review of the question of diligence is to be "strict" is not one that I am ready to accept. In my view such a review should be no different than any other factual issue to be determined by the court.
McRAE, Justice, dissenting:
¶ 21. The majority's construction of M.R.C.P. 9(h) and 15(c)(2) as preventing Doe from substituting Mississippi Blood Services for a fictitious party after the statute of limitations had run on her wrongful death action is flawed. Accordingly, I dissent.
¶ 22. The statute of limitations was tolled by the filing of the complaint on December 30, 1993. In February, 1994, United Blood Services, one of the original named parties, sought to be dismissed from the case because it did not supply blood to Forrest General Hospital during the time period at issue. In July, 1994, T. Doe moved to dismiss United Blood Services and join Mississippi Blood Services. Merely because all potential sources of the contaminated blood were not discovered prior to filing the suit or during the course of D. Doe's illness does not establish that T. Doe slept on her rights or failed to exercise reasonable diligence as required by Womble v. Singing River Hospital, 618 So.2d 1252 (Miss. 1993).
¶ 23. Whether T. Doe followed the technicalities of substituting Mississippi Blood Services is a matter of semantics. The strict construction of the Mississippi Rules of Civil Procedure urged by the majority serves only to inequitably limit the extent to which real parties may be substituted for fictitious parties during the course of discovery. Accordingly, I dissent.