IRVING, P.J.,
for the Court:
¶ 1. Grover D. Miller died from injuries allegedly resulting from his exposure to silica, silica dust, and other toxic substances while employed at Cataphote, Inc. On December 30, 2002, Geraldstine Miller, Grover’s wife, filed a wrongful-death suit in the Copiah County Circuit Court. The lawsuit named 158 corporations as defendants and an unspecified number of “John Doe” defendants.
¶ 2. On July 19, 2005, Geraldstine filed an amended complaint. This complaint named 108 corporate defendants along with an unspecified number of John Doe defendants. Additionally, the complaint added defendants A-Z, AA-BB, AAA-ZZZ, and AAAA-ZZZZ. Numerous defendants from the original complaint were not named in the amended complaint. Consequently, the circuit court entered an order dismissing these defendants without prejudice on July 20, 2005. Of the remaining defendants, 58 were named for the first time in the amended complaint, including Engelhard Corporation, Mearl Corporation, and Continental Mineral Processing.[1]
¶ 3. Several of the newly named defendants, including Engelhard, moved for summary judgment. The defendants argued that the claims against them did not relate back to the filing of the original complaint and, as a result, were barred by the statute of limitations. The circuit court agreed and granted summary judgment.[2]
¶ 4. Feeling aggrieved, Geraldstine argues that the circuit court erred in granting summary judgment based on the expiration of the statute of limitations. Finding no error, we affirm.
FACTS
¶ 5. Grover worked at Cataphote from 1993 to 1996. Cataphote manufactured glass beads from a glass-dust mixture that allegedly contained silica and other toxic substances. According to the complaint filed by Geraldstine, Grover suffered from lung disease, pneumonitis, pulmonary fibrosis, and other respiratory conditions as a result of his exposure to silica and other harmful substances. Grover died on October 21, 2002.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. Geraldstine argues that the circuit court erred in granting summary judgment based on the expiration of the statute of limitations. She contends that Engel-hard was properly substituted in accordance with Rule 9(h) of the Mississippi *743 Rules of Civil Procedure, and, therefore, her amended complaint relates back to December 31, 2002 — the date she filed her original complaint.
¶ 8. Rule 9(h) sets forth the procedure for naming fictitious parties:
When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.
The Mississippi Supreme Court has explained that “[t]he purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery.” Bedford Health Props., LLC v. Estate of Williams, 946 So.2d 335, 341 (¶ 13) (Miss.2006) (quoting Doe v. Miss. Blood Servs., 704 So.2d 1016, 1019 (¶14) (Miss.1997)). However, Rule 9(h) does not permit a plaintiff to “include a fictitious party because the plaintiff suspects that there might be someone out there who might have engaged in conduct which might be actionable.” Veal v. J.P. Morgan Trust Co., N.A., 955 So.2d 843, 846 (¶ 10) (Miss.2007). “Rule 9(h) is not intended to serve as an insurance policy to plaintiffs who wish to protect themselves in case they discover new defendants in the course of litigation.” Id. at 845 (¶ 9).
¶ 9. A proper amendment under Rule 9(h) “relates back to the date of the original pleading.” M.R.C.P. 15(c)(2). However, a plaintiff may not “characterize the joinder of a new party after the running of the statute of limitations as a substitution for a fictitious party.” Doe, 704 So.2d at 1018 (¶ 10).
¶ 10. In Doe, the plaintiff filed a wrongful-death action against United Blood Services of Mississippi (United), American Association of Blood Banks, and John Does 1-50. Id. at 1017 (¶ 4). Later, the plaintiff moved to dismiss United and to join Mississippi Blood Services, Inc. (MBS). Id. at (¶ 5). The plaintiff then filed an amended complaint naming MBS as a defendant. Id. The supreme court held that “[t]he plaintiff [had] failed to properly substitute [MBS] for a fictitious party.” Id. at 1017-18 (¶ 7). The court noted that “[t]he amended complaint simply replaced all references to [United] with [MBS]. All fifty unnamed fictitious defendants remained.” Id. at 1018 (¶ 8).
¶ 11. Geraldstine has attempted to add new defendants in the same manner as the plaintiff in Doe. On December 30, 2002, Geraldstine filed her original complaint, which named 158 corporations as defendants and an unspecified number of John Doe defendants. On July 19, 2005, Gerald-stine filed an amended complaint, which named 108 corporate defendants and an unspecified number of John Doe defendants.[3] The amended complaint also added defendants A-Z, AA-BB, AAA-ZZZ, and AAAA-ZZZZ. While numerous defendants from the original complaint were not named in the amended complaint, 53 defendants, including Engelhard, were named for-the first time. Geraldstine did not substitute any newly named defendant for a fictitious one. Her amended complaint contained the same reference to an unspecified number of John Does and add *744 ed the alphabetical fictitious defendants. Geraldstine simply substituted a set of new defendants for some of the named defendants in the original complaint without omitting any fictitious party. The addition of new parties in this manner in not a proper substitution under Rule 9(h). Therefore, the circuit court did not err in finding that Engelhard was not properly substituted pursuant to Rule 9(h).
¶ 12. Because Engelhard was not properly substituted, Rule 15(c)’s relation-back provision for Rule 9(h) substitutions does not apply. However, an amended complaint may relate back, notwithstanding an improper substitution, where Rule 15(c)’s other requirements are met. Wil-ner v. White, 929 So.2d 315, 323 (¶ 8) (Miss.2006). Those requirements are:
(1) the claim in the amended complaint must arise out of the same conduct, transaction, or occurrence as that set forth in the original complaint; (2) the newly named defendant must have received notice of the action within the period provided by [Rule] 4(h) [of the Mississippi Rules of Civil Procedure] such that the party will not be prejudiced; and (3) the newly named defendant must have or should have known that an action would be brought against him but for a mistake existing as to the parties’ identities.
Id. (citing M.R.C.P. 15(c)). Geraldstine has made no attempt to argue that she complied with any of these Rule 15(c) requirements. Therefore, the circuit court did not err in determining that her amended complaint did not relate back to her original complaint.
¶ 13. Because Geraldstine’s amended complaint did not relate back, her claims against Engelhard are barred by the three-year statute of limitations. It is uncontested that the limitations period began to run on March 16, 2001. On that day, Grover executed an affidavit in connection with his workers’ compensation claim against Cataphote. In his affidavit, Grover averred that he knew what harmful substances had injured him:
Catophote, Inc. [sic], produced glass beads of various sizes from a fine glass[-]dust mixture of which I now have knowledge that its principle component was silica. Cataphote, Inc. also used other chemicals, [of] which I now have knowledge that they are toxic and included[,] but are not limited to[,] toxic chlorides, dioxides, benzenes, and lead.
[[Image here]]
I am now aware that products I was exposed to at Cataphote, Inc. contributed to the symptoms described due to absorption of their products into my skin through ingestion and inhalation of the products and fumes.
Geraldstine filed her amended complaint, naming Engelhard as a defendant, on July 19, 2005 — over one year past the expiration of the limitations period. Consequently, the circuit court did not err in granting summary judgment in favor of Engelhard. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. For purposes of this opinion, we will refer to Engelhard, Mearl, and Continental collectively as "Engelhard.”

. In its order, the circuit court included a certification under Rule 54(b) of the Mississippi Rules of Civil Procedure, finding that there was no just reason for delay and directing a final judgment as to some of the defendants. Consequently, the circuit court's order is a final appealable judgment and properly before this Court.

. The July 19, 2005 complaint was actually Geraldstine’s second amended complaint. She filed her first amended complaint on June 26, 2003. However, that complaint was amended solely for the purpose of making more specific factual allegations. The named defendants remained unchanged from the original complaint.