COLEMAN, Justice,
dissenting:
¶ 21. The trial judge denied Dr. Hola-day’s motion for summary judgment on the basis that the discovery rule applied or, in the alternative, because the Moores’ amended complaint was proper under Mississippi Rule of Civil Procedure 15. In my *854 opinion, the Moores’ amended complaint lacked viability under both the discovery rule and Rule 15. Therefore, respectfully, I dissent.
A. Discovery Rule
¶ 22. The statute of limitations for medical malpractice claims is two years. Miss. Code Ann. § 15-1-36(2) (Rev.2012). Under the “discovery rule,” the two-year statute of limitations begins to run “from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered,” but medical malpractice claims cannot be brought in any event “more than seven (7) years after the alleged act, omission or neglect occurred.” Id. The discovery rule tolls the statute of limitations for (1) latent injuries or (2) nonlatent injuries where the negligence that caused the injury is not known. See Huss v. Gayden, 991 So.2d 162, 165-66 (¶ 5) (Miss.2008); Sutherland v. Estate of Ritter, 959 So.2d 1004, 1008-09 (¶ 12) (Miss.2007).
¶28. The emphasis is on “reasonable diligence”-when the plaintiff, “exercising reasonable diligence, should have first discovered” the injury or the negligence. Huss, 991 So.2d at 165 (¶ 5) (quoting Sutherland, 959 So.2d at 1008 (¶ 12)). The Court has held that, under the “discovery rule,” the central inquiry is:
the time that the patient discovers, or should have discovered by the exercise of reasonable diligence, that he probably has an actionable injury. The operative time is when the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner.
There may be rare cases where the patient is aware of his injury prior to the two years immediately preceding the filing of his claim, but does not discover and could not have discovered with reasonable diligence the act or omission which caused the injury. In such cases, the action does not accrue until the latter discovery is made.
Huss, 991 So.2d at 165-66 (¶ 5) (quoting Smith v. Sanders, 485 So.2d 1051, 1052 (Miss.1986)). The discovery rule will not be applied where the plaintiff has failed to exercise reasonable diligence. Huss, 991 So.2d at 167 (¶ 9) (citing Wright v. Quesnel, 876 So.2d 362, 367 (Miss.2004); Wayne Gen. Hosp. v. Hayes, 868 So.2d 997, 1001 (Miss.2004)). Further, “an individual may not take shelter in the ‘discovery rule’ when reasonable minds could not differ that the plaintiff possessed sufficient information to bring a claim.” Huss, 991 So.2d at 167 (¶ 9) (emphasis added).
¶ 24. In Sutherland v. Estate of Ritter, the plaintiff knew soon after being prescribed a medication that it caused undesirable side effects. Sutherland, 959 So.2d at 1009 (¶ 15). However, he continued taking the drug for two years, until he checked himself into the hospital and stopped taking the medication at another doctor’s direction. Id. at 1005-06 (¶ 2). Nearly three years later, he sent a notice-of-claim letter to the prescribing physician. Id. at 1006 (¶ 5). The Court held that “Sutherland knew who, when, how, and by what he had been injured” soon after being prescribed the medication. Id. at 1009 (¶ 15). He knew that the medication was causing his problems and he knew which doctor had prescribed it; therefore, the discovery rule did not toll the statute of limitations, and it had expired by the time Sutherland filed suit. Id. at 1010 (¶ 17). When the plaintiff has enough information at the time of the injury to know that negligence occurred, even if he does “not know with certainty that the conduct was negligent as a matter of law,” the discov *855 ery rule will not toll the statute of limitations. Wright, 876 So.2d at 367 (¶ 12); Hayes, 868 So.2d at 1001 (¶ 17).
¶ 25. In the case sub judice, not only is the injury not latent, but the alleged cause of the injury and the identity of the individuals involved have been known since 2004. The Moores began collecting Kyle’s medical records just days after his surgery in May 2004, and Dr. Holaday’s name was on several pages of the records. The medical records, standing alone, put the Moores on notice that Dr. Holaday may have told Dr. Stout he would report to the ER to see Kyle. Then, the Moores’ pre-suit investigation of the claim revealed contradictory information, ie., Dr. Hola-day’s denial of treatment and denial that he was on call.
¶26. The Moores complied with the pre-suit investigation requirement of Mississippi Code Section 11 — 1—58(l)(a) and employed Dr. Stringer to review Kyle’s medical records.[4] As part of Dr. Stringer’s pre-suit investigation, he spoke with Dr. Holaday. A report from Dr. Stringer is not in the record, but he could have spoken with any or all of the doctors identified in Kyle’s medical records. Thus, any discrepancies in Dr. Holaday’s and Dr. Stout’s recollection of the events reasonably could have been discovered during the pre-suit investigation. Certainly, the discrepancy in Dr. Holaday’s own recollection and Dr. Stout’s notation in the file was known at that time. In fact, in opposing Dr. Hubacek’s motion to amend his answer regarding Dr. Holaday’s involvement, the Moores specifically asserted that Dr. Hola-day’s involvement had been known from Kyle’s medical records and that Dr. Stout’s deposition did not reveal any new information.[5]
¶ 27. Contrary to the trial court’s findings (but consistent with the Moores’ earlier representation), Dr. Stout’s deposition did not reveal any new information. The instant case is not one of the “rare cases” in which the patient “could not have discovered with reasonable diligence” Dr. Ho-laday’s involvement — or the discrepancies regarding his alleged involvement — such that the discovery rule would have tolled the statute of limitations. The pertinent question is not whether the Moores knew exactly which set of facts — Dr. Holaday’s representations to their expert or the in *856 formation contained in the medical records — was true. The pertinent question is whether the Moores had enough information to know they had a claim. Huss, 991 So.2d at 167 (¶ 9).
¶28. While I agree that it appears harsh to apply the statute of limitations to bar the Moores’ claims after they made a good faith attempt to accurately investigate their claims before filing suit, my understanding of the pertinent law will allow me to reach no other result. The conflicting facts available to the Moores from the two sources — the medical records and Dr. Holaday’s interview with their expert — gave rise to a dispute of material facts that in turn gave rise to a claim needing resolution through the litigation process. Harsh though it may be, in the instant case, the Moores chose to believe one set of facts over the other rather than vetting the dispute through the discovery process and a finder of fact at trial at their own peril.
B. Mississippi Rule of Civil Procedure 15
¶ 29. The trial judge wrote that, in the alternative to the discovery rule, adding Dr. Holaday as a defendant was proper under Mississippi Rule of Civil Procedure 15 as an amendment to conform to the evidence. Adding a defendant is not an “amendment to conform to the evidence” as allowed by Rule 15(b). The plain language of that rule refers to amendments related to “issues” not raised in the pleadings that arose and were tried by consent of the parties at trial; it does not refer to parties who were not named in the pleadings. Miss. R. Civ. P. 15(b). See also Webb v. Braswell, 930 So.2d 387, 394 (¶ 10) (Miss.2006). Rule 15(b) is not applicable to Dr. Holaday being added as a defendant.
¶ 30. While Rule 15(b) does not apply to amending pleadings to add parties, the “relation back rule” of Rule 15(c) does apply to new parties. The judge seemingly combined the “amendment to conform to the evidence” rule of subpart (b) and the “relation back” rule of subpart (c). However, neither subpart is applicable. Rule 15(c) provides:
(c) Relation Back of Amendments.
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to- the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party’s defense on the merits, and
(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.
Miss. R. Civ. P. 15(c). First, Rule 4(h) requires the plaintiff to serve a defendant with the summons and complaint within 120 days of filing the complaint. The Moores did not serve Dr. Holaday within 120 days of filing the complaint. Second, there was no mistake in identity; the Moores knew of Dr. Holaday’s involvement and chose not to bring a claim against him.
*857 ¶ 31. Finally, Rule 9(h) does not apply because it is applicable only if the plaintiff “is ignorant of the name of an opposing party and so alleges in his pleading,” then later discovers the proper party’s name and substitutes the correct name. Miss. R. Civ. P. 9(h). The Moores’ original complaint named “John Does 1-5” and provided that names would be substituted when their identities were known. However, the amended complaint still named “John Does 1-5” and included the same statement. The Moores did not substitute Dr. Holaday’s name for a “John Doe.” The addition of a new party is “not a proper substitution under Rule 9(h).” Miller ex rel. Miller v. Engelhard Corp., 95 So.3d 740, 743-44 (¶ 11) (Miss.Ct.App.2012) (discussing Doe v. Miss. Blood Servs., Inc., 704 So.2d 1016, 1018 (Miss.1997)). “[I]f one joins a new party without meeting the requirements set forth in [Rule] 9(h), the new party must be served prior to the running of the statute of limitations.” Doe, 704 So.2d at 1018 (¶ 9). The Moores did not serve Dr. Holaday before the statute of limitations ran. The trial judge erred in holding that the Moores’ amended complaint naming Dr. Holaday was proper under Rule 15 as an “amendment to conform to the evidence.”
¶ 32. The statute of limitations as to Dr. Holaday ran on May 24, 2006, and had long expired by March 13, 2011, when the Moores - filed their amended complaint. Neither the discovery rule nor Rule 15 applies to give the Moores any relief. Therefore, I would reverse the trial court’s denial of Dr. Holaday’s motion for summary judgment.
RANDOLPH, P.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. Mississippi Code Section 11-1-58 requires an attorney filing a medical malpractice suit to consult with an expert “qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action....” Miss.Code Ann. § 11 — 1—58(l)(a) (Rev.2014).

. Following Dr. Stout's deposition, Dr. Huba-cek attempted to amend his answer to assert a new defense related to Dr. Holaday's alleged involvement. The Moores opposed Dr. Huba-cek’s motion to amend his answer, claiming that it was untimely and that Dr. Stout's deposition did not reveal any new information. Dr. Hubacek withdrew his request to amend his answer, but the Moores filed an amended complaint naming Dr. Holaday as a defendant. The Moores wrote that they had no option but to add Dr. Holaday, because Dr. Hubacek intended to present evidence at trial that Dr. Holaday was negligent.
Dr. Holaday moved for summary judgment on the ground that there was no evidence that he had violated the appropriate standard of medical care or that he had contributed in any way to Kyle's alleged injuries. The Moores filed a motion for partial summary judgment on the same ground. The other defendants opposed the motions, and the trial court denied summary judgment. Dr. Hola-day then moved for summary judgment on the ground that the statute of limitations had expired. The other defendants did not oppose summary judgment on that ground. But the Moores opposed summary judgment, arguing that the statute of limitations had not expired, although they made the opposite argument when Dr. Hubacek tried to bring Dr. Holaday into the suit.