# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2016

Lyle W. Cayce
Clerk

JONATHAN DAVIS TURNAGE, and wife; ANGELA TURNAGE,

> Plaintiffs - Appellants

v.

MCCONNELL TECHNOLOGIES, INCORPORATED, AN ALABAMA
CORPORATION,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:14-CV-124

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

The district court held that the statute of limitations barred the Turnages' products liability case. McConnell Technologies raised the statute of limitations challenge through a motion to dismiss for failure to state a claim. FED R. CIV. P. 12(b)(6). In this appeal, the Turnages argue that the district court took an improper look outside the pleadings in order to rule against them.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60291

Because the district court did no more than consider the parties' arguments filed in briefs accompanying the pleadings, we affirm.

## I.

On March 23, 2011, Jonathan Turnage was working at a lumber company when an augur he was maintaining cut off several of his fingers. On March 24, 2014, the Turnages filed a lawsuit in Mississippi court against the manufacturer of the augur. They alleged that the augur was defectively designed or manufactured. The suit was timely filed but with no time to spare—their products liability claim was subject to a three-year statute of limitations. MISS. CODE § 15-1-49(1). In their original pleading, the Turnages did not identify the manufacturer of the augur but instead named fictitious John Does as placeholders. Mississippi allows plaintiffs to do this when they are ignorant of an opposing party's name. MISS. R. CIV. P. 9(h).

Another defendant in the case, MesserSmith Manufacturing, removed the suit to federal district court.[1] At the end of January 2015, the Turnages amended their complaint to add "McConnell Sales and Engineering Corporation, Inc." as a defendant. After this, months passed as the case sat on the district court's docket. This prompted the court to enter two orders to show cause why the case should not be dismissed for failure to prosecute it. In response, the Turnages amended their complaint again on August 27, 2015 to add the present appellee, McConnell Technologies, Inc., as a defendant.

McConnell Technologies then filed a motion to dismiss under Rule 12(b)(6). It asserted that the Turnages' claims against it in their amended complaint were barred by the statute of limitations and did not relate back to their timely complaint of March 24, 2014. After receiving briefing from both sides, the district court granted the motion to dismiss. The Turnages

---

[1] MesserSmith was later dismissed for lack of personal jurisdiction.

No. 16-60291

responded by filing a motion for reconsideration or new trial arguing that the court had improperly considered matters outside of the pleadings to decide the motion to dismiss. *See* FED R. CIV. P. 12(d). The district court denied this motion as well, and the Turnages timely appealed.

## II.

The Turnages raised only one issue in their opening brief to this court. They argue that the district court improperly considered matters outside of the pleadings when deciding McConnell Technologies' motion to dismiss and otherwise improperly weighed the evidence rather than accepting the allegations in their pleadings as true. Specifically, the Turnages find fault with the court's admitted reliance on representations contained in their own briefing in response to the motion to dismiss. According to the Turnages, the court had to rely on these materials in order to find that they had not exercised reasonable diligence in ascertaining the identity of McConnell Technologies, a key issue in whether their amended complaint related back to their initial, timely filing.

In order to qualify as timely under Mississippi's three-year statute of limitations for products liability claims, the Turnages' amended complaint naming McConnell Technologies had to be treated as relating back to the date of their original complaint in Mississippi state court. *See* MISS. CODE § 15-1-49(1). Federal Rule of Civil Procedure 15(c)(1)(A) allows an amended pleading to relate back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." In this case, the applicable statute of limitations comes from the law of Mississippi. Mississippi law allows relation back when a named defendant is substituted for a John Doe defendant but only if the plaintiff conducted a "reasonably diligent inquiry into the identity of the fictitious party." *Doe v. Miss. Blood Servs., Inc.*, 704 So. 2d 1016, 1019 (Miss. 1997). The Mississippi Supreme Court also made a

distinction in *Doe* between parties who could only be identified with the help of judicial discovery and those whom a plaintiff could identify through his or her own investigation. *Id.*

In its order denying the Turnages' motion for reconsideration or new trial, the district court explained the basis for its decision:

> According to Plaintiffs' response to Defendant's motion to dismiss, they discovered the identity of the proper Defendant after simply asking Plaintiff Jonathan Turnage's employer who serviced the equipment after the accident. This route of investigation could—and should—have been pursued *before* filing suit, and Plaintiffs have offered no explanation for why they waited until over a year later to do so.

There is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion. When matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties. FED R. CIV. P. 12(d). We have held though that "briefs and oral arguments in connection with the motion . . . are not considered matters outside the pleadings for purposes of conversion." *Gen. Retail Servs, Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (3d ed. 2004)). The district court thus did not violate the Rules of Civil Procedure when it relied on the Turnages' representations in their briefing in order to decide the motion briefed. Likewise, the court did not improperly weigh the evidence against the Turnages when it accepted as true their own statements to the court.

\* \* \*

The judgment is AFFIRMED.