KITCHENS, PRESIDING JUSTICE, DISSENTING:
 

 ¶ 42. I respectfully dissent. I would find that the amended complaint filed by Robert Hammons, Jr., properly made substitutions for fictitious parties under Mississippi Rule of Civil Procedure 9(h). Therefore, I would reverse and remand the case to the circuit court for further proceedings, including a determination of whether Hammons exercised reasonable diligence in identifying Navarre, Velcon, Knappco, and Wilden for the purposes of relation back under Mississippi Rule of Civil Procedure 15(c)(2).
 

 ¶ 43. Rule 9(h) provides:
 

 (h) Fictitious Parties.
 
 When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.
 

 M.R.C.P. 9(h). We have held that "[t]he purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery."
 
 Doe v. Miss. Blood Servs.
 
 ,
 
 704 So.2d 1016
 
 , 1019 (Miss. 1997).
 

 ¶ 44. In
 
 Womble v. Singing River Hospital
 
 ,
 
 618 So.2d 1252
 
 , 1267 (Miss. 1993),
 
 overruled on other grounds
 
 , this Court discussed Rule 9(h) and expressed that:
 

 There is a dearth of Mississippi law on the application of Rule 9(h). It is a principle of general application, though, that ignorance of the opposing party for fictitious party practice extends beyond mere lack of knowledge of the opposing party's name.
 
 Even if the plaintiff knows the true name of the person, he is still ignorant of his name if he lacks knowledge of the facts giving him a cause of action against
 
 ...
 
 that person
 
 .
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Br[e]ceda v. Gamsby
 
 ,
 
 267 Cal. App. 2d 167
 
 ,
 
 72 Cal.Rptr. 832
 
 (1968) ;
 
 Columbia Engineering v. Espey
 
 ,
 
 429 So.2d 955
 
 (Ala. 1983).
 

 Id.
 

 (emphasis added). In
 
 Doe v. Mississippi Blood Services
 
 , we expanded on
 
 Womble
 
 and held that, because of the relation-back privilege in Rule 9, a plaintiff seeking to amend the complaint must have exercised reasonable diligence to discover the identities of the fictitious parties.
 
 Doe
 
 ,
 
 704 So.2d at 1019
 
 . As outlined below,
 
 Womble
 
 and
 
 Doe
 
 have provided the standard used in numerous subsequent cases to determine issues of fictitious party practice.
 

 ¶ 45. But in
 
 Veal v. J.P. Morgan Trust Co.
 
 ,
 
 955 So.2d 843
 
 , 846 (Miss. 2007), this Court, without citing
 
 Womble
 
 , articulated that:
 

 Rule 9(h) authorizes the plaintiff to deviate in only one respect from the requirements of the Mississippi Rules of Civil Procedure in bringing a claim. That is, the plaintiff is allowed to use a fictitious name, rather than the true name of the defendant.
 
 In other words, the purpose of Rule 9(h) is to allow a plaintiff to proceed with a lawsuit where the plaintiff knows and can articulate the wrong
 

 ful conduct of, and claims against, the fictitious party, but simply does not know that party's name
 
 .
 

 Id.
 

 (emphasis added).
 

 ¶ 46. It is plain that, under
 
 Womble
 
 and
 
 Doe
 
 , a plaintiff successfully can bring a claim against a fictitious party even if the plaintiff lacks knowledge of the facts giving rise to a cause of action against that party, and amendment will be allowed if the plaintiff exercised reasonable diligence to discover the party's identity.
 
 Womble
 
 ,
 
 618 So.2d at
 
 1267 ;
 
 Doe
 
 ,
 
 704 So.2d at 1019
 
 . But
 
 Veal
 
 allows substitution only if the plaintiff is fully cognizant of the claim against the unknown party but ignorant of the party's name. I would find that
 
 Womble
 
 and
 
 Veal
 
 provide two different standards for fictitious party practice under Rule 9(h). The majority dispenses with the
 
 Womble
 
 standard and applies the standard from
 
 Veal
 
 . I would find that the rules from
 
 Womble
 
 and
 
 Doe
 
 are controlling, and that, because Hammons's original complaint and his amended complaint both alleged the same general theory, that the accident was caused by defective fuel, his amended complaint satisfied the fictitious party pleading requirements of Rule 9(h). The only remaining inquiry is whether Hammons exercised reasonable diligence in discovering the identities of the fictitious parties.
 

 ¶ 47. As Judge Greenlee rightly observed in his dissent for the Court of Appeals, the courts of Mississippi have relied most frequently on the Rule 9(h) standard announced by
 
 Womble
 
 .
 
 Price v. Clark
 
 ,
 
 21 So.3d 509
 
 , 526 (Miss. 2009) ;
 
 Rawson v. Jones
 
 ,
 
 816 So.2d 367
 
 , 369 (Miss. 2001) ;
 
 Doe v. Miss. Blood Servs., Inc.
 
 ,
 
 704 So.2d 1016
 
 , 1018-19 (Miss. 1997) ;
 
 Davenport v. Hertz Equip. Rental Corp.
 
 ,
 
 187 So.3d 194
 
 , 199 (Miss. Ct. App. 2016) ;
 
 Turnage v. McConnell Tech.
 
 ,
 
 671 Fed.Appx. 307
 
 , 309 (5th Cir. 2016) ;
 
 Pruitt v. Invacare Corp.
 
 , No. 2:13CV293-TSL-JCG,
 
 2014 WL 5465342
 
 , at *5 (S.D. Miss. Oct. 28, 2014) ;
 
 Scoggins v. Boston Scientific Corp.
 
 , No. 2:08CV032-P-A,
 
 2008 WL 1821498
 
 , at **2-3 (N.D. Miss. Apr. 22, 2008). As Judge Greenlee noted, the
 
 Womble
 
 standard has been employed as the prevailing rule even after our decision in
 
 Veal
 
 .
 

 ¶ 48. Moreover, the rule from
 
 Womble
 
 fully comports with the relation-back provisions of Rule 9(h) and Rule 15(c). For relation back under Rule 15(c), the claim or defense must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." M.R.C.P. 15(c). Because an amendment under Rule 9(h) does not change the party against whom a claim is asserted, such an amendment automatically relates back. M.R.C.P. 15(c)(2). Under
 
 Womble
 
 , "[e]ven if the plaintiff knows the true name of the person, he is still ignorant of his name if he lacks knowledge of the facts giving him a cause of action against [ ] that person."
 
 Womble
 
 ,
 
 618 So.2d at 1267
 
 . I observe that this language came almost
 
 verbatim
 
 from
 
 Breceda v. Gamsby
 
 ,
 
 267 Cal. App. 2d 167
 
 , 174,
 
 72 Cal.Rptr. 832
 
 , 837-38 (1968).
 
 Breceda
 
 also explained that "[a] defendant unaware of the suit against him by a ficti[t]ious name is in no worse position if, in addition to substituting his true name, the amendment makes other changes in the allegations on the basis of the same general set of facts."
 

 Id.
 

 (quoting
 
 Austin v. Mass. Bonding & Ins. Co.
 
 ,
 
 56 Cal.2d 596
 
 ,
 
 15 Cal.Rptr. 817
 
 ,
 
 364 P.2d 681
 
 , 684 (1961) ).
 

 ¶ 49. Turning to this case, I would find that Hammons's original complaint sufficiently set forth claims against the appellees. Under
 
 Womble
 
 , Hammons was not required to allege all the facts giving him a cause of action against the unknown parties to satisfy Rule 9(h). A comparison of Hammons's original complaint with the amended complaint reveals that both complaints were founded on the same theory and general set of facts: that a fuel defect
 caused the injurious helicopter crash. The theory underlying Hammons's original complaint was that "the fuel pumped into the Aircraft in question was defective and unreasonably dangerous." In his amended complaint, Hammons continued to maintain this theory, claiming that "[t]he fuel pumped into the accident Aircraft was defective and unreasonably dangerous and/or was rendered defective and/or unreasonably dangerous because of the actions or non actions of [the defendants]." Thus, as recognized by Judge Greenlee in his dissenting opinion for the Court of Appeals, Hammons's original complaint alleged a claim for product liability for defective fuel, and his amended complaint continued to maintain a product liability claim based on defective fuel, although more detailed, against the appellees.
 

 ¶ 50. I recognize the majority's concern with the fact that Hammons's complaint says that the fictitious defendants "are corporations or persons whose liability to the Plaintiff is unknown at this time." Nonetheless, this Court has held that it is not bound by the literal language of the complaint and that substance must prevail over form.
 
 Sanderson Farms, Inc. v. McCullough
 
 ,
 
 212 So.3d 69
 
 , 74 (Miss. 2017). Substantively, Hammons maintained the same claim between his original and amended complaints. I would hold that, because Hammons's amended complaint asserted the same theory of liability, based on the same general facts, as his original complaint, it complied with Rule 9(h). However, because the trial court never considered whether Hammons exercised reasonable diligence to identify the fictitious parties, I would reverse and remand for a determination on this issue.
 

 KING, J., JOINS THIS OPINION.