# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2021

Lyle W. Cayce
Clerk

No. 20-30673

IN RE: DEEPWATER HORIZON,

_____

DARLEEN MOORE, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF SANDRA MORSE,

*Plaintiff—Appellant*,

*versus*

BP EXPLORATION; PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY,

*Defendants—Appellees*,

CONSOLIDATED WITH

No. 20-30675

IN RE: DEEPWATER HORIZON,

_____

BARRY DUMOULIN,

*Plaintiff—Appellant*,

*versus*

No. 20-30673
c/w Nos. 20-30675, 20-30729

BP Exploration; Production, Incorporated; BP America Production Company,

*Defendants—Appellees*,

consolidated with

_____

No. 20-30729

_____

In re: Deepwater Horizon

_____

Judy Jones, Individually and as Personal Representative of the Estate of Hugh Lee Jones, Jr.,

*Plaintiff—Appellant*,

*versus*

BP Exploration; Production, Incorporated; BP America Production Company,

*Defendants—Appellees*.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-1787
USDC No. 2:20-CV-1785
USDC No. 2:20-CV-1993
USDC No. 2:10-MD-2179

_____

Before Owen, *Chief Judge*, and Clement and Duncan, *Circuit Judges*.

No. 20-30673
c/w Nos. 20-30675, 20-30729

Per Curiam:*

Appellants challenge the district court's dismissal of their claims against BP Exploration and Production, Inc. ("BP"), stemming from the *Deepwater Horizon* oil spill in 2010. The district court dismissed the claims as untimely. We agree with the district court and affirm.

## I.

## A.

The *Deepwater Horizon* oil spill prompted hundreds of claims, which were ultimately assigned to the Honorable Carl J. Barbier as part of a multi-district litigation ("MDL"). This appeal concerns the claims for personal injuries resulting from spill-related exposures.

In 2012, BP and class counsel entered into the Medical Benefits Class Action Settlement Agreement, which the court approved. *In re Oil Spill by Oil Rig Deepwater Horizon*, 295 F.R.D. 112 (E.D. La. 2013). The Settlement Agreement provided two procedures for the class members to seek recovery for physical conditions allegedly caused by the spill or related activities—the second of which is relevant to this appeal.

For class members who alleged physical conditions that were diagnosed after April 16, 2012, the Settlement Agreement established an exclusive remedy: the Back-End Litigation Option ("BELO"). The BELO process required class members to submit a Notice of Intent ("NOI") to the claims administrator prior to filing a lawsuit. The claims administrator had to transmit compliant NOIs to BP within ten days of receipt and BP was then required to decide within thirty days whether to mediate the claim. In cases

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30673
c/w Nos. 20-30675, 20-30729

in which BP decided not to mediate the claim, the class members were given six months to file their BELO lawsuits. Where this final timing requirement was not met, the class members released their claims.

**B.**

Of those who pursued the BELO process, three class members—Darleen Moore, Barry Dumolin, and Judy Jones—confronted issues with these requirements. Moore submitted her NOI on March 16, 2018; Dumolin submitted his on February 14, 2018; and Jones submitted hers on February 15, 2018.[1]

BP decided not to mediate any of the three claims, and it contends that the claims administrator issued all three notices of BP's elections on November 2, 2018. BP also contends that electronic copies of these notices were uploaded to the claim administrators' online Attorney Portal on or around the same day. BP asserts that this triggered the six-month clock for filing the BELO lawsuits. The class members, on the other hand, claim that they received the notices on January 27, 2020 and March 23, 2020. Accordingly, Moore, Dumolin, and Jones argue that their lawsuits were timely filed on June 22, 2020 and July 13, 2020.

Following the filing of these lawsuits, BP filed motions to dismiss on the grounds that the lawsuits were untimely and that equitable tolling did not apply. The magistrate judge issued a report and recommendation, recommending that the district court grant BP's motion and dismiss the class members' complaints with prejudice. The district court adopted the

---

[1] The dates on which the claims administrator transmitted these NOIs to BP are not clear from the record.

No. 20-30673
c/w Nos. 20-30675, 20-30729

magistrate judge's report and recommendation and so dismissed the complaints. Moore, Dumolin, and Jones timely appealed.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The court reviews Rule 12(b)(6) dismissals *de novo*. *Lampton v. Diaz*, 639 F.3d 223 (5th Cir. 2011) (citation omitted).

## A.

The principal issue on appeal concerns the timing of the notices indicating that BP decided not to mediate. If, as the class members impliedly contend, the issuance of the notices alone was insufficient to put them on notice of BP's election, then dismissal of the class members' complaints was inappropriate at the 12(b)(6) stage.[2]   However, if the issuances themselves were sufficient to put the class members on notice, then the class members' complaints about the dates of receipt are irrelevant.

We need not delve into interpretation of the terms of the Settlement Agreement because the parties had both constructive and actual knowledge of the November 2 notices at least a year prior to filing suit. In addition to the notices issued by first-class mail on November 2, electronic copies were

---

[2] The class members' contention that the magistrate judge and district court impermissibly considered the notices is unavailing. *See Collins v. Morgan Stanley Dean Witter*s, 224 F.3d 496, 499–500 (5th Cir. 2000) (noting approvingly the rule in other circuits that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

5

uploaded to the claim administrators' online Attorney Portal on or around the same day. None of the plaintiffs alleged that their counsel did not have access to the Attorney Portal nor that their counsel attempted, but were unable, to access the notices.[3] In addition, the plaintiffs conceded knowledge of the November 2, 2018, notices in June 2019 – more than a year prior to filing suit in June and July of 2020.

We hold that the plaintiffs had knowledge of the November 2 notices over six months prior to filing suit; thus, their complaints are untimely.[4]

## B.

This leaves one remaining issue: whether equitable tolling should have applied to the class members' claims. As best as can be discerned from the class members' brief, they contend that—because the notices were posted on an online portal rather than placed in the mail—the six-month deadline for filing their BELO complaints should have been equitably tolled.

For a court to apply equitable tolling, a plaintiff typically must demonstrate that (1) extraordinary circumstances prevented him from timely filing and that (2) he pursued his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 114 (2013) ("To the extent the participant has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply." (citing *Irwin v.*

---

[3] The record supports that plaintiffs' counsel periodically logged into the portal.

[4] Because we hold that the plaintiffs had constructive knowledge of the November 2 notices at least a year prior to filing suit, we reserve judgment on whether the Settlement Agreement required class members to file BELO lawsuits within six months of the issuance of the notices or within six months of the receipt of the notices.

No. 20-30673
c/w Nos. 20-30675, 20-30729

*Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990)).  Federal courts apply the doctrine "sparingly," exercising little forgiveness where "the claimant failed to exercise due diligence in preserving his legal rights."  *Irwin*, 498 U.S. at 96; *see id.* ("[T]he principles of equitable tolling . . . do not extend to . . . a garden variety claim of excusable neglect.").  The party seeking equitable tolling bears the burden of satisfying these requirements.  *Pace*, 544 U.S. at 418.

"Time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling.'"  *Irwin*, 498 U.S. at 95 (citing *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 27 (1989)).  And, we have applied equitable tolling under various circumstances.  *See, e.g.*, *Granger v. Aaron's Inc.*, 636 F.3d 708 (5th Cir. 2011) (Title VII); *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000) (habeas); *Perez v. United States*, 167 F.3d 913 (5th 1999) (FTCA).  The class members cite *Heimeshoff* in support of its application.  But, we need not decide whether the doctrine of equitable tolling applies in this context because, even if it did, the class members' complaints fail to provide us with any plausible reason it would apply *here*.[5]

The class members make much of the district court's alleged error in reviewing materials unsuited for Rule 12(b)(6) review.  But, the class members have not made a *single* allegation that they exercised diligence in

---

[5] Ordinarily, any further determination regarding the applicability of equitable tolling would require us to remand to the district court for further factual findings.  *See Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) ("[T]he realm of equitable tolling is a 'highly fact-dependent area' in which courts are expected to employ 'flexible standards on a case-by-case basis.'").  But, the class members' contentions that equitable tolling should have applied fail to reach even the Rule 12(b)(6) pleading standard, requiring only "enough facts to state a claim to relief that is plausible on its face."  *See Twombly*, 550 U.S. at 570.  Therefore, remand would be inappropriate.

7

No. 20-30673
c/w Nos. 20-30675, 20-30729

pursuing their rights.  Neither their complaints nor their briefs assert that they made any conscientious effort to comply with the six-month deadline set forth in the Settlement Agreement.  Thus, as it is plain from the face of their complaints that they cannot plausibly satisfy the element for equitable tolling requiring diligence, we need not analyze whether extraordinary circumstances prevented them from timely filing.[6]  Therefore, the district court did not err in finding that the deadline for filing the BELO complaints was not equitably tolled.[7]

---

[6] Although the court below decided this issue on the extraordinary circumstances element, "[w]e may affirm a district court's dismissal based on [R]ule 12(b)(6) on any basis supported by the record." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780–81 (5th Cir. 2007).

[7] Furthermore, Jones conceded that she learned of the notice and still failed to file her complaint within six months of having actual knowledge.  This concession emphatically resolves the matter where Jones is concerned.

At the September 23, 2020 hearing on the motion to dismiss, Jones's counsel admitted to actual knowledge of the notice by June 2019.

> THE COURT: Do you dispute, Mr. Durkee, that you knew that the claims administrator issued the notice on November 2nd of 2018? Do you dispute that? . . . .
>
> MR. DURKEE: I do not dispute that, as of June, we knew it about [sic].

*See Turnage v. McConnell Techs.*, 671 F. App'x 307, 309 (5th Cir. 2016) (mem.) ("[O]ral arguments in connection with the motion are not considered matters outside the pleadings for purposes of [converting a motion under Rule 12(b)(6) to one under Rule 56]." (cleaned up) (quoting *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007) (unpublished))).  But, Jones did not file her BELO complaint until July 13, 2020.  "[She] waited [a] year[], without any valid justification, to assert [her] claims . . . . Had [she] advanced [her] claims within a reasonable time of their availability, [she] would not now be facing any time problem[.]" *See Pace*, 544 U.S. at 419.  Thus, equitable tolling would not save her complaint because—at best—its application would toll the deadline for

No. 20-30673
c/w Nos. 20-30675, 20-30729

### III.

We have said before that, to invoke equitable tolling and survive a motion under Rule 12(b)(6), a party "must make some minimal effort [] to apprise the District Court . . . of facts which would justify such an exceptional step. [A] complaint, time-barred on its face, cannot serve as a fishing pole to discover down the road some reason which [that party] can use to justify his failure" to obey the rules. *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1119 (5th Cir. 1978). The class members failed to satisfy this edict. Accordingly, we AFFIRM the decision of the district court.

---

filing her BELO complaint from November 2, 2018 until June of 2019, which—in turn—would have granted her an extension only to December 2019.