CHANDLER, J.,
for the Court.
¶ 1. On October 16, 2002, Natalie San-tangelo instigated a medical malpractice lawsuit against Meridian HMA, Inc., d/b/a Riley Memorial Hospital (Meridian HMA) and against five unknown defendants. Approximately one year later, and after the expiration of the statute of limitations, Santangelo filed an amended complaint naming James Green, Jr. M.D. and Ann Riley, L.P.N. as defendants. Dr. Green, Jr. moved for summary judgment, asserting that, pursuant to the Mississippi Rules of Civil Procedure, the amended complaint did not relate back to the date on which the original complaint had been filed and, therefore, the amendment was time-barred. The Circuit Court of Lauderdale County found that the amendment did not relate back under Mississippi Rule of Civil Procedure 9(h) or under Rule 15(c) and granted summary judgment in favor of Dr. Green, Jr.
¶ 2. Santangelo appeals, arguing that the circuit court erred in ruling (1) that Dr. Green, Jr. had not been properly substituted pursuant to Rule 9(h); (2) that the amended complaint did not relate back to the date of the original filing of the complaint under Rules 9(h) and 15(c); and (3) that there was no genuine issue of material fact concerning the signature of Dr. Green, Jr.
¶ 3. Finding no error, we affirm.
FACTS
¶ 4. Santangelo’s complaint alleged that she underwent surgery for a fractured hip *523 on November 2, 2000, at Memorial HMA. After the surgery, she was placed in postoperative care. On November 3, 2000, she was injected with the anti-nausea drug Phenergan. Santangelo was allergic to Phenergan and suffered an allergic reaction and cardiac difficulties which resulted in her transfer to the intensive care unit at St. Dominic’s Hospital in Jackson. San-tangelo’s allergy to Phenergan had been noted on her medical chart and on a wristband which she was wearing at the time that she was injected with the drug. San-tangelo alleged that the administration of Phenergan to her by unknown physicians or nurses constituted gross negligence or recklessness warranting compensatory and punitive damages. The complaint listed as defendants Memorial HMA, unknown and unnamed physicians John Does One and Two, and unknown and unnamed nurses Jane Does One, Two and Three.
¶ 5. On August 15, 2003, Santangelo moved to amend her complaint to name Dr. Green, Jr. and Nurse Riley as defendants. Santangelo averred that she had learned from Memorial HMA’s discovery responses that Dr. Green, Jr. had ordered the administration of Phenergan to San-tangelo and that Nurse Riley had carried out the order. On September 29, 2003, the court entered an agreed order allowing the amendment. Santangelo filed the amended complaint on October 31, 2003. The style of the amended complaint was identical to that of the original complaint except that, in addition to the previously listed defendants, the amended complaint also named Dr. Green, Jr. and Nurse Riley as defendants. All five John and Jane Doe defendants remained.
¶ 6. On November 20, 2003, Dr. Green, Jr. was served with a summons and complaint. On December 3, 2003, he filed a motion to dismiss Santangelo’s claims against him. Dr. Green, Jr. argued that Santangelo’s claims were barred by the applicable statute of limitations. In a second motion to dismiss filed on February 25, 2004, Dr. Green, Jr. asserted that the amendment was time-barred because it did not relate back to the date of the filing of the original complaint under Mississippi Rule of Civil Procedure 9(h) or under Rule 15(c). In a response to the motion, San-tangelo maintained that she had intended to substitute Dr. Green, Jr.’s name for John Doe Number One, but had inadvertently failed to delete John Doe Number One when she drafted the amended complaint.
¶ 7. The trial court found that Dr. Green Jr.’s motion to dismiss was made pursuant to Rule 12(b)(6). The court treated the motion as one for summary judgment under Rule 56(c) because the parties had submitted affidavits and medical records outside the pleadings. See M.R.C.P. 12(b). The court found that, pursuant to Doe v. Mississippi Blood Services, Inc., 704 So.2d 1016 (Miss.1997), Santangelo’s amendment was not a substitution of a fictitious defendant under Rule 9(h), but was an amendment adding a party under Rule 15(c). The court further found that the amendment had not fulfilled the notice requirement for relation back under Rule 15(c). Accordingly, the court found that Santan-gelo’s cause of action against Dr. Green, Jr. was barred by the statute of limitations and granted summary judgment in favor of Dr. Green, Jr. On May 19, 2004, the court entered a final judgment as to Dr. Green, Jr. pursuant to Rule 54(b).
STANDARD OF REVIEW
¶ 8. A motion for summary judgment is properly granted “forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and *524 that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court reviews the grant or denial of summary judgment de novo. Saucier ex. rel. Saucier v. Biloxi Reg’l Med. Ctr., 708 So.2d 1351, 1354(¶ 10) (Miss.1998). We will consider all of the evidence before the lower court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1355 (Miss.1990).
LAW AND ANALYSIS
¶ 9. For purposes of clarity, we have recast Santangelo’s issues into the following single issue:
I. DID THE STATUTE OF LIMITATIONS BAR SANTANGELO’S CAUSE OF ACTION AGAINST DR. GREEN, JR. SUCH THAT THE TRIAL COURT CORRECTLY GRANTED SUMMARY JUDGMENT IN FAVOR OF DR. GREEN, JR.?
¶ 10. Santangelo argues that the trial court erred in finding that her claim against Dr. Green, Jr. was barred by the statute of limitations. It was undisputed that Santangelo discovered her injury on the date that she experienced an allergic reaction to Phenergan, and that she had two years from that date in which to commence an action based on the alleged malpractice. See § 15-1-36(2) (Rev.2003). Thus, the limitations period applicable to Santangelo’s claim expired on November 3, 2002. Santangelo filed her original complaint on October 16, 2002, within the limitations period. Approximately one year later, on October 31, 2003, Santangelo amended her complaint to name Dr. Green, Jr. as a defendant. Santangelo argues that the amendment was not barred by the statute of limitations because it related back to the date of the original complaint pursuant to Mississippi Rule of Civil Procedure 9(h).
¶ 11. Rule 9(h) provides:
Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.
¶ 12. Rule 15(c)(2) prescribes the effect of a substitution under Rule 9(h): “[a]n amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.” Thus, a proper substitution of a fictitious defendant with the defendant’s true name will relate back to the date of the original complaint. “The purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery.” Doe v. Mississippi Blood Services, Inc., 704 So.2d 1016, 1019(¶ 14) (Miss.1997).
¶ 13. Dr. Green, Jr. contends that the amendment was not a proper Rule 9(h) substitution, but instead constituted a Rule 15(c) change of the party against whom Santangelo’s claim was asserted. Rule 15(c) provides:
Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original *525 pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party’s defense on the merits, and
(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.
Dr. Green, Jr. argued that his joinder did not relate back to the date of the original complaint under Rule 15(c) because he had not received notice of the action within the time for the service of the summons and complaint. In support of this argument, Dr. Green, Jr. attached his own affidavit stating that he had not known of the lawsuit until he was served on November 20, 2003.
¶ 14. The lower court found that San-tangelo’s amendment was not a proper Rule 9(h) substitution because the amended complaint had not replaced a John Doe defendant with Dr. Green, Jr. and because Santangelo had not made a reasonably diligent inquiry into the identity of Dr. Green, Jr. before the running of the statute of limitations. We agree. In Doe v. Mississippi Blood Services, Inc., 704 So.2d 1016, 1017 (¶¶ 2-4) (Miss.1997), Doe, a wrongful death plaintiff, sued American Association of Blood Banks, John Does 1-50, and United Blood Services of Mississippi, which had allegedly supplied contaminated blood to a hospital. After the running of the statute of limitations, Doe moved to dismiss United Blood Services of Mississippi and to amend her complaint to name Mississippi Blood Services, Inc. Id. at (¶ 5). The amended complaint replaced all references to United Blood Services with Mississippi Blood Services; all fifty John Doe defendants remained. Id. at 1018(¶ 8).
¶ 15. The court found that Doe had not properly substituted Mississippi Blood Services for a fictitious defendant under Rule 9(h). Id. at (¶ 10). The court found it “[m]ost important” that, “in the amended complaint, all fifty original John Does are still named.” Id. at 1019(¶ 15). Had Doe properly substituted Mississippi Blood Services, only forty-nine John Does should have remained. Id. Since Doe had failed to substitute Mississippi Blood Services for a fictitious party, she had not met the requirements of Rule 9(h) for the amendment to relate back to the date of the original complaint. In the instant case, the style of Santangelo’s original complaint and that of the amended complaint were identical but for the addition of Dr. Green, Jr. and Nurse Riley. No John or Jane Doe defendants had been deleted. Therefore, pursuant to Doe, Santangelo failed to properly substitute Dr. Green, Jr. and Nurse Riley for fictitious defendants.
¶ 16. Doe also established that, pursuant to Womble v. Singing River Hospital, 618 So.2d 1252, 1266-68 (Miss.1993) (overruled on other grounds), the plaintiff is required to make a “reasonably diligent inquiry” into the identity of an unknown defendant within the limitations period in order to substitute the defendant for a fictitious party under Rules 9(h) and 15(c)(2). Id. at 1018(¶ 11). “The relation back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party.” Id. at (¶ 13). The lower *526 court is to strictly review the question of whether the plaintiff made a reasonably diligent inquiry, and, on review, this Court “will give great deference to the lower court finding that the plaintiff did not exercise reasonable diligence.” Id.
¶ 17. Santangelo asserted that she made a reasonably diligent inquiry into Dr. Green, Jr.’s identity, but that it was unsuccessful. She averred that, after reviewing her medical records, she was unable to discern to a reasonable degree of certainty that Dr. Green, Jr. was the physician who authorized or administered the Phenergan injection. Santangelo filed the affidavit of Beverly Zepponi, a registered nurse with twenty-two years of experience. Zepponi stated that “after review of the medical records and post-operative orders Dr. Green Jr.’s signature appeared different in several places throughout the record and could not be positively identified on the post-operative order [for Pheneragan].”
¶ 18. The lower court found that San-tangelo had not made a reasonably diligent inquiry into the identity of Dr. Green, Jr. as the physician who authorized the administration of Phenergan, and that San-tangelo could have identified Dr. Green, Jr. as the culpable physician from the medical records had she exercised due diligence. The court found that Santangelo had failed to show that she had inquired into Dr. Green, Jr.’s identity before the expiration of the limitations period. The court found that Santangelo could have ascertained that Dr. Green, Jr. was the culpable physician because the medical records clearly disclosed that Dr. Green, Jr. had admitted Santangelo to the hospital, performed the surgery, and released her to St. Dominic’s Hospital. Further, the medical records contained a document entitled, “Drs. Green and Green, Jr., Post-Op Orders,” which had the post-operative order for Phenergan. The court found that this document bore Dr. Green, Jr.’s signature.
¶ 19. On appeal, Santangelo argues that, in finding that the signature on the post-operative order was that of Dr. Green, Jr. the lower court erroneously acted as a “handwriting expert.” Santangelo contends that the court should - have accepted the opinion of Nurse Zepponi that Dr. Green Jr.’s signature could not have been positively identified from the medical records. Santangelo argues that Nurse Zepponi’s addifiavit stands for the proposition that Dr. Green Jr.’s identity could only have been ascertained through discovery.
¶ 20. Regardless of whether or not San-tangelo could have identified Dr. Green, Jr. outside of formal discovery procedures, Santangelo was required to exercise due diligence to discover Dr. Green Jr.’s identity within the limitations period in order to substitute Dr. Green, Jr. under Rule 9(h). Doe, 704 So.2d at 1019(1112). Thus, the initial question before this Court is not whether Santangelo could have discovered Dr. Green, Jr.’s identity had due diligence been exercised, but whether Santangelo actually exercised due diligence. Id. As observed by the lower court, Santangelo did not show that anyone had reviewed her medical records during the limitations period to determine who authorized or administered the Phenergan injection. Nurse Zepponi’s affidavit was executed after the expiration of the limitations period and did not state when Nurse Zepponi reviewed the records. Consequently, there was no evidence to support a finding that, before the running of the statute of limitations, Santangelo made a reasonably diligent effort to ascertain the identity of the culpable physician.
¶ 21. We further find that, had Santan-gelo exercised reasonable diligence, she could have ascertained Dr. Green Jr.’s *527 identity from her medical records as well as from her knowledge that Dr. Green, Jr. was her treating physician. See Rawson v. Jones, 816 So.2d 367, 369-71 (¶¶ 8-10) (Miss.2002). Santangelo was aware that Dr. Green, Jr. was the physician who admitted her to the hospital, performed her surgery, and released her to St. Dominic’s Hospital. Dr. Green Jr.’s name appeared on the post-operative order for Phenergan along with that of another physician, Dr. Green. Since Santangelo’s treating physician was Dr. Green, Jr., not Dr. Green, Santangelo should have been able to discern to a reasonable degree of certainty that Dr. Green, Jr. was the physician who executed the post-operative order. This Court further observes that the signature of Dr. Green, Jr. on the post-operative order is virtually identical to other signatures of Dr. Green, Jr. that appear throughout the medicai records. We find that, within the limitations period, Santan-gelo knew, or with reasonable diligence should have known, that Dr. Green, Jr. was the physician who ordered the Phen-ergan injection. The amended complaint naming Dr. Green, Jr. did not relate back to the. date of the original pleading under Rules 9(h) and 15(c)(2).
¶ 22. Since we have determined that Santangelo failed to effect a substitution of a fictitious party under Rule 9(h), her amendment adding Dr. Green, Jr. “must satisfy, the provisions of Rule 15(c) regarding ‘changing the party against whom a claim is asserted’ to prevent time bar by the statute of limitations.” Nguyen v. Miss. Valley Gas Co., 859 So.2d 971, 978(¶ 29) (Miss.2002) (quoting Womble, 618 So.2d at 1267). For an amendment changing a party to relate back, the amendment must arise out of the same conduct, transaction, or occurrence as that alleged in the original pleading, and within the time provided by Rule 4(h) for the service of the summons and complaint, the defendant must have been on notice of the filing of the complaipt such that the defendant would not be prejudiced in maintaining his defense. M.R.C.P. 15(c) Further, the defendant must have known or should have known that the action would have been brought against him but for the plaintiffs mistake in. identifying the proper party. Id. The notice and mistake requirements must have been met before the running of the statute of limitations, or 120 days after the limitations period has elapsed. Curry v. Turner, 832 So.2d 508, 618(¶ 11) (Miss.2002).
¶ 23. The parties do not dispute and this Court agrees that Santangelo’s claim against Dr. Green, Jr. arose out of the same incident alleged in the original pleading, namely, the tortious administration of Phenergan to Santangelo. Thus, the first, requirement for relation back of the amendment was satisfied. M.R.C.P. 15(c). However, the amendment did not satisfy the second and third requisites for relation back because Dr.; Green, Jr. did not have timely notice of the action or timely knowledge that, but for a mistake, the action would have ' been brought against him.
¶ 24. The applicable statute of limitations expired on November 3, 2002. The court takes judicial notice that 120 days after November 3, 2002 was March 3, 2003. Dr. Green, Jr. stated in his affidavit that he had not received any summons, notice, or notification whatsoever concerning the lawsuit until November 20, 2003. He stated that, before that date, he had been unaware that Santangelo had filed a lawsuit and that he had not heard anyone mention any lawsuit by Santangelo. He averred that the last time he heard of any problem with Santangelo was when she was transferred to St. Dominic’s Hospital on November 6, 2000. No evidence con *528 travened Dr. Green Jr.’s affidavit. Thus, there was no showing that, within the time provided by Rule 15(c), Dr. Green, Jr. had notice of the institution of the action or that Dr. Green, Jr. knew or should have known that, but for a mistake concerning his identity, Santangelo would have named him in her original complaint. Santange-lo’s amendment adding Dr. Green, Jr. did not relate back to the date of the original complaint pursuant to Rule 15(c). Consequently, the amendment was barred by the two-year statute of limitations. We affirm the grant of summary judgment in favor of Dr. Green, Jr.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK, GRIFFIS AND ROBERTS, JJ., NOT PARTICIPATING.