# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00179-COA

| | |
|---|---|
| **DAVIS DAVENPORT** | **APPELLANT** |

v.

| | |
|---|---|
| **HERTZ EQUIPMENT RENTAL CORPORATION** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CARLOS EUGENE MOORE |
| | TANGALA LANIECE HOLLIS |
| ATTORNEYS FOR APPELLEE: | JAMES GRADY WYLY III |
| | KYLE STUART MORAN |
| | MICHAEL FRANKLIN HELD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE |
| DISPOSITION: | AFFIRMED – 03/01/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2014-CA-01021-COA

| | |
|---|---|
| **DAVIS DAVENPORT** | **APPELLANT** |

v.

| | |
|---|---|
| **TEREX CORPORATION** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 05/20/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CARLOS EUGENE MOORE |
| | TANGALA LANIECE HOLLIS |

ATTORNEYS FOR APPELLEE:  MARK D. JICKA
          CAROLINE KUNZ IVANOV

NATURE OF THE CASE:   CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:  GRANTED SUMMARY JUDGMENT IN
          FAVOR OF APPELLEE
DISPOSITION:      APPEAL DISMISSED – 03/01/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. This is a consolidated appeal stemming from two separate, yet related, summary-judgment orders rendered by the Circuit Court of Rankin County against Davis Davenport and in favor of Hertz Equipment Rental Corporation and Terex Corporation, respectively. The circuit court determined that Davenport had improperly substituted both Hertz and Terex pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure and that the statute of limitations had run before Davenport filed complaints against them. On appeal, Davenport asserts that the trial court erred in (1) granting summary judgment in favor of Hertz and Terex, and (2) certifying Hertz's judgment as final pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure.

¶2. Finding no error, we affirm the summary judgment granted in favor of Hertz but dismiss Davenport's appeal of the summary judgment granted in favor of Terex, as it is not a final judgment and was not so certified pursuant to Rule 54(b).

FACTS

¶3. On May 26, 2009, Davenport sustained on-the-job injuries after a raised "man buggy"

2

that he was in suddenly fell to the ground, landing in a trash bin. Almost three years later, on May 16, 2012, Davenport filed a complaint in the Rankin County Circuit Court against the following parties: (1) JKS Construction Inc., a subcontractor of the general contractor Dynamic Services Inc.; (2) Dynamic Services Inc.; (3) RSC Equipment Rental Inc., which later became United Rentals; and (4) John Doe Corporations 1 and 2.[1] At the time of Davenport's original complaint, he alleged that the John Doe Corporations were strictly liable for negligently distributing and/or manufacturing the man buggy or its component parts. On August 2, 2012, Davenport responded to United Rentals' first set of interrogatories, wherein he revealed that he was aware that Hertz had performed repair work on the subject man buggy prior to the accident. On August 13, 2012, Davenport moved to substitute Hertz for one of the John Doe Corporations. On March 11, 2013, the trial court granted Davenport's motion to substitute, and on March 18, 2013, Davenport filed an amended complaint, substituting Hertz for John Doe Corporation 2 and included theories of liability against Hertz that were not asserted in the original complaint against the original defendants.

¶4.     Following the filing of the amended complaint, Hertz filed a motion to dismiss the complaint under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, alleging that Hertz had been improperly substituted and that the applicable statute of limitations had run

---

[1] Davenport was employed by Jaimie Deano, who was a subcontractor of JKS. Deano was never party to the litigation.

on Davenport's claims against Hertz. Following a hearing, the trial court denied Hertz's motion to dismiss. However, the trial court found that Davenport had improperly added additional theories of liability and struck those allegations. By separate order, the trial court dismissed the amended complaint and ordered Davenport to file a new amended complaint in compliance with its March 11, 2013 order that allowed the substitution of Hertz. Davenport complied, and filed a second amended complaint on August 23, 2013.

¶5. On October 4, 2013, Hertz filed a motion for summary judgment. In support of its motion, Hertz attached an affidavit signed by Davenport's brother, David Davenport, who was working at the construction site and was at the scene of the accident when it occurred. In his affidavit, David stated that the man buggy his brother was in was owned by Hertz and that it had a visible Hertz label on it at the time of the accident.[2] Hertz also attached Davenport's response to United Rentals' interrogatory number 13, dated August 2, 2012, wherein Davenport acknowledged that he knew Hertz had performed work on the man buggy two days prior to the accident.

¶6. In response, Davenport filed, inter alia, a memorandum in opposition to Hertz's motion for summary judgment and his own affidavit. In his affidavit, Davenport stated that he was "unaware of the identity of all of the entities involved with repairing, manufacturing, and/or distributing the man buggy, wherein [he] was injured" and that he "did not learn of

---

[2] Nothing in the record explains how David knew that the man buggy was owned by Hertz. Perhaps he assumed so because Hertz's name was plainly visible on it.

4

[Hertz's] identity until August of 2012."[3]

¶7.     Following the summary-judgment hearing, the trial court found that, pursuant to *Karpinsky v. American National Insurance,* 109 So. 3d 84 (Miss. 2013), Hertz had met its burden of showing that no genuine issues of material fact existed and that it was, therefore, entitled to summary judgment.  In arriving at this decision, the trial court determined that Davenport had failed to show that he had made a reasonably diligent effort to identify Hertz prior to the running of the statute of limitations and, consequently, the substitution of Hertz did not relate back to the original complaint.[4]

¶8.     We now turn to the factual history regarding Terex.  On October 30, 2013, Davenport, pursuant to permission granted by an agreed order, filed his fourth amended complaint, substituting Terex for John Doe Corporation 1.  In this amended complaint, Davenport alleged that Terex was the manufacturer of the man buggy.  On February 24, 2014, Terex moved for summary judgment, asserting that it was improperly substituted and that the statute of limitations had run.  After a hearing on Terex's motion, the circuit court granted summary

---

[3] Davenport he does not explain how or from whom he obtained the information about Hertz having repaired the man buggy two days prior to the accident.

[4] Following the decision of the circuit court, Davenport filed a motion for reconsideration, and Hertz filed a motion for a Rule 54(b) final judgment.  The circuit court heard oral arguments in support of and in opposition to both motions on January 14, 2014. On January 24, 2014, the circuit court entered separate orders, one denying the motion for reconsideration and the other granting the motion for a Rule 54(b) final judgment.  The circuit court also dismissed all the claims against Hertz with prejudice.  The court found that there was no just reason for any delay in entering a final judgment with prejudice on Hertz's behalf and explained that the dismissal would not affect Davenport's claims against the remaining defendants.

5

judgment in Terex's favor, finding that Davenport had failed to make a reasonably diligent inquiry to identify the manufacturer.

¶9.    Davenport now appeals the circuit court's orders granting summary judgment in favor of Hertz and Terex and the circuit court's certification of Hertz's judgment pursuant to Rule 54(b).

STANDARD OF REVIEW

¶10.    We review a circuit court's grant of summary judgment de novo. *O'Neal Steel v. Millette,* 797 So. 2d 869, 872 (¶8) (Miss. 2001) (citation omitted). Under Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment should be granted when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The evidence must be viewed in the light most favorable to the party against whom the motion has been made." *Jacox v. Circus Circus Miss. Inc.,* 908 So. 2d 181, 184 (¶4) (Miss. Ct. App. 2005) (citation and quotation marks omitted). As such, "[t]he movant bears the burden of persuading the trial judge that . . . (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law." *Palmer v. Biloxi Reg'l Med. Ctr. Inc.,* 564 So. 2d 1346, 1355 (Miss. 1990). However, once the movant meets his burden, "the non-movant may not rest on the allegations in his pleadings, and may not rely on a 'mere scintilla' of evidence to defeat summary judgment." *Fruchter v. Lynch Oil Co.,* 522 So. 2d

195, 198 (Miss. 1988). "The party opposing the motion must rebut [the movant party's argument], if he is to avoid entry of an adverse judgment, by bringing forth probative evidence legally sufficient to make apparent the existence of triable fact issues." *Smith v. First Federal Savings & Loan Ass'n of Grenada,* 460 So. 2d 786, 792 (Miss. 1984). As such, "[s]ummary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Karpinsky,* 109 So. 3d at 89 (¶11).

## DISCUSSION

### I.    *Hertz's Summary Judgment*

¶11.    Here, Davenport argues that the circuit court erred when it determined that summary judgment in Hertz's favor was proper. In support of his argument, he asserts that there are genuine issues of material fact regarding whether the claims against Hertz were barred by the statute of limitations. More specifically, Davenport argues that, since Hertz was substituted pursuant to Rule 9(h) for one of the John Doe corporations listed in the original complaint, the amended complaint, bringing Hertz into the action, related back to the date of the filing of the original complaint pursuant to Rule 15(c)(2) of Mississippi Rules of Civil Procedure. Davenport asserts that this is so because he was ignorant of Hertz's identity when he filed his original complaint.

¶12.    Rule 9(h) provides:

Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.

In addition, Rule 15(c)(2) provides that "[a]n amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted, and such amendment relates back to the date of the original pleading." We note that Davenport's negligent-distribution claim against Hertz was subject to a three-year statute of limitations. Miss. Code Ann. § 15-1-49 (Rev. 2012). However, Davenport did not move to substitute Hertz for one of the John Doe corporations until after the three-year statute of limitations had expired.

¶13. Hertz argues that Rule 9(h) does not apply here because Davenport knew of Hertz's identity when he filed his original complaint, and, therefore, the amendment cannot relate back pursuant to Rule 15(c)(2). Hertz also argues that, even if Davenport was ignorant of Hertz's identity at the time of the original filing, Rule 9(h) still does not apply because Davenport did not exercise due diligence in trying to obtain such information.

¶14. Davenport responds that a plaintiff who knows a fictitious defendant's true name may still be ignorant so long as the plaintiff does not know the facts that give him a cause of action against the fictitious party. Davenport cites *Womble v. Singing River Hospital,* 618 So. 2d 1252 (Miss. 1993) (overruled on other grounds), where the Mississippi Supreme Court established that

> [i]t is a principle of general application . . . that ignorance of the opposing party for fictitious party practice extends beyond mere lack of knowledge of

8

the opposing party's name. Even if the plaintiff knows the true name of the person, he is still ignorant of his name if he lacks knowledge of the facts giving him a cause of action against that person.

*Id.* at 1267. However, we note that our supreme "[c]ourt has also acknowledged a reasonable[-]diligence test [to be applied] when substituting unknown parties pursuant to [Rule] 9(h)." *Bedford Health Props. LLC v. Estate of Williams ex rel. Hawthorne,* 946 So. 2d 335, 342 (¶13) (Miss. 2006).

¶15. At the summary-judgment hearing addressing Hertz's motion, Davenport failed to specify how he learned of Hertz's involvement with the case. Rather than informing the court of when and from whom Davenport had obtained the information provided within his discovery response, Davenport's counsel simply asserted that he immediately sought leave of the court to substitute the fictitious party with Hertz after receiving Davenport's response to United Rentals' interrogatory number 13 in August 2012.

¶16. The record reflects that in his original complaint, in the venue section, Davenport stated that "Defendant Hertz's registered agent [was] located in Rankin County, Mississippi." Davenport argues that this statement regarding Hertz was due to a typographical error because his counsel initially thought that Hertz had distributed the man buggy to JKS. We find it inexplicable how the inclusion of Hertz as a defendant in the venue section of the original complaint could have been a typographical error if Davenport's counsel initially thought that the man buggy had been distributed by Hertz. Since Davenport named Hertz in the venue section of his complaint but not in the caption, it seems more logical that the

9

failure to include Hertz as one of the named parties in the caption may have been an oversight, but that is not the argument Davenport makes. In any event, it is not subject to legitimate debate that Davenport's explanation for why Hertz had been named in the venue section of the original complaint—that his counsel initially thought that Hertz had distributed the man buggy—proves that Davenport was aware of Hertz's identity as that term is defined in *Womble*, because at the time that Davenport filed his complaint, he knew of Hertz's role as a distributor of the man buggy.

¶17.    Davenport also argues that knowing Hertz's name was not enough because there are several Hertz entities.  We accept Davenport's argument that there are several entities bearing the Hertz name, but that does not excuse his failure to name Hertz as a party in his original complaint.  That could have been sorted out during the discovery process.  As previously mentioned, according to David's affidavit, the man buggy contained a "visible" Hertz label.   It is well established in our jurisprudence that a plaintiff cannot use Rule 9(h) to "sleep on [his] rights." *Doe v. Miss. Blood Servs. Inc.,* 704 So. 2d 1016, 1019 (¶13) (Miss. 1997).   Therefore, Davenport's argument that he did not know Hertz's legal name is unpersuasive.  He possessed enough information to determine the legal entity that owned the man buggy bearing the Hertz label.  Therefore, there is no genuine issue of material fact that Davenport was not ignorant of Hertz's identity.

¶18.    Even accepting Davenport's argument that at the filing of his original complaint he was ignorant of Hertz's identity and involvement with the man buggy that injured him, he

10

is still required to show that he made a reasonably diligent effort to learn the identity of the John Does named in his complaint before the claims asserted in his amended complaint could relate back to the time of the filing of his original complaint. And the " reasonably diligent inquiry into the identity of the unknown defendant [must be made] within the limitation period" in order for a substitution under Rule 9(h) to allow a claim to relate back to the date of the original pleading. *Santangelo v. Green*, 920 So. 2d 521, 525 (¶16) (Miss. Ct. App. 2006) (internal citations and quotations marks omitted). Hertz argues that Davenport failed to show that he made such efforts. We agree.

¶19. Our supreme court has established that

> [r]easonable diligence is a standard only for determining the efforts made to discover the true identity of a named fictitious party under Rule 9(h). The relation[-]back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party.

*Bedford,* 946 So. 2d at 342 (¶13) (internal citations and quotation marks omitted). We note that in Davenport's response to Hertz's motion to dismiss, he stated that "Plaintiff knew of Defendant Hertz's name in general at the time the [o]riginal [c]omplaint was filed." However, Davenport argues that he did not know the identity of the specific Hertz entity involved with the man buggy and that prior to the expiration of the statute of limitations, he conducted reasonable inquiries and investigations into what entities were involved in the subject accident. He also argues that he received conflicting and incomplete information, causing a lack of sufficient information to initially identify all of the real parties in interest.

11

Davenport further argues that he did not have access to contractual agreements between the pertinent parties, nor the means to readily obtain the true identities of the two John Doe Corporations.

¶20.    Hertz cites *Doe*, *Bedford,* and *Santangelo* in support of its argument that Davenport failed to make a reasonably diligent effort to establish the identity of the fictitious parties. On the other hand, Davenport attempts to distinguish those cases.

¶21.    In *Doe,* the plaintiff filed a wrongful-death action against several defendants and fictitious parties almost three years after her mother's death, asserting that the negligent blood transfusion given to her mother had infected her mother with HIV and, ultimately, caused her death. *Doe,* 704 So. 2d at 1017 (¶4). One of the named defendants removed the case to federal court. *Id.* at (¶5). While there, the plaintiff moved to dismiss the defendant that had removed the case to federal court and asked for permission to name an additional defendant. *Id*. Apparently, the plaintiff's motion was granted and the case remanded back to the circuit court. *Id.* On remand to the circuit court, the newly added defendant filed a motion to dismiss, and the circuit court granted the motion. *Id.* The record reflected that the plaintiff had made telephonic inquiries five days prior to the running of the statute of limitations and only obtained limited information before the limitations period expired. *Id.* at (¶3). The supreme court found that Rule 9(h) did not apply, as the plaintiff had failed to exercise reasonable diligence in ascertaining the defendant's true identity prior to the running of the statute of limitations. *Id.* at 1019 (¶13). The supreme court reasoned that the

plaintiff's inquiry was not diligent and that Rule 9(h) does not provide an avenue for plaintiffs to "sleep" on their rights. *Id.*

¶22. In *Bedford,* the Mississippi Supreme Court concluded that with a reasonably diligent inquiry, the plaintiff could have discovered the proper name of the nursing home since she visited the home several times in a month, the nursing home was across the street from the church the plaintiff attended, and the plaintiff's deposition testimony revealed that she knew the proper name. *Bedford,* 946 So. 2d at 343 (¶17). In *Santangelo,* this Court held that the plaintiff was not reasonably diligent because the new defendant was her treating physician, and her medical records would have revealed his identity. *Santangelo*, 920 So. 2d at 528 (¶21). As such, this Court ignored that the medical records were voluminous and held by third parties and found that the plaintiff was not reasonably diligent because those records, though voluminous, contained information regarding the identity of the fictitious defendant. *Id.* at 526-27 (¶¶20-21).

¶23. Davenport argues that *Doe, Bedford*, and *Santangelo* are distinguishable from this case inasmuch as in each of those cases, unlike here, the plaintiff failed to make a reasonably diligent effort to ascertain the identity of the correct party. As an example, he points out that in *Doe* the plaintiff waited nearly seven years to bring a cause of action against the new defendants, had access to medical records that would have revealed the potential defendants' identities, and never substituted the fictitious names with the alleged real parties in interest.

¶24. In response, Hertz argues that the aforementioned cases actually support its case

13

because they show the repercussions of a plaintiff not making any substantive and exhaustive inquiries to ascertain the true identity of a negligent party prior to the statute of limitations running. Hertz contends that Davenport had to know Hertz's proper name in order to determine the proper registered agent mentioned in the venue section of his original complaint. Citing this Court's decision in *Santangelo*, Hertz also contends that Davenport's assertion that there was a barrage of information when he tried to investigate the case is unsubstantiated.

¶25. We agree with Hertz's version of how the above cases relate to the matter at hand. Unlike the plaintiff in *Doe,* Davenport has only offered general allegations of his investigation and diligent efforts to ascertain the identity of the fictitious defendant. In addition, like the plaintiff in *Bedford,* Davenport admitted that he knew Hertz's proper name at the time of the alleged incident and when he filed the original complaint. As stated, we find that Davenport knew of Hertz's identity and involvement with the man buggy prior to his filing his original complaint, but assuming that we are incorrect on that point, we also find that had Davenport exercised reasonable diligence, he could have ascertained Hertz's proper identity prior to filing his original complaint. In summary, we find that Davenport failed to prove that he lacked knowledge of Hertz's identity prior to the filing of his original complaint, but even if he did, he failed the reasonable-diligence requirement to ascertain Hertz's identity. Therefore, we affirm the circuit court's grant of summary judgment in favor of Hertz, as the statute of limitations had run when Davenport substituted Hertz for one of

14

the John Doe corporations pursuant to Rule 9(h) without the benefit of the relating-back

provision of Rule 15(c)(2).

## II. Terex's Summary Judgment

¶26.    Davenport also argues that the circuit court erred in granting summary judgment in

favor of Terex.  However, we find that this matter is improperly before this Court.  The

summary-judgment order from which Davenport appeals dismisses Terex but fails to dismiss

the remaining defendants.   This case involved multiple parties and claims in the circuit

court.[5]  Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action . . . or when
> multiple parties are involved, the court may direct the entry of a final judgment
> as to one or more but fewer than all of the claims or parties only upon an
> expressed determination that there is no just reason for delay and upon an
> expressed direction for the entry of the judgment. In the absence of such
> determination and direction, any order or other form of decision, however
> designated[,] which adjudicates fewer than all of the claims or the rights and
> liabilities of fewer than all the parties shall not terminate the action as to any
> of the claims or parties and the order or other form of decision is subject to
> revision at any time before the entry of judgment adjudicating all the claims
> and the rights and liabilities of all the parties.

The order granting summary judgment in favor of Terex did not include a Rule 54(b)

---

[5] When Davenport appealed from the summary judgment in favor of Terex, the following actions had occurred in his multi-party lawsuit: (1) On March 25, 2013, Davenport had received a default judgment against Dynamic Services, as to liability only, with the issue of damages to be reserved for a subsequent hearing to determine the amount of damages; (2) On July 3, 2013, Davenport, by court order, had dismissed with prejudice his claims against Defendant United Rentals; and (3) On October 28, 2013, the circuit court had granted summary judgment in favor of Hertz and certified the judgment pursuant to Rule 54(b). However, nothing in the record shows that JKS had been dismissed, although it had filed a motion for summary judgment.

certification. Therefore, any appeal therefrom would be interlocutory, requiring permission from the Mississippi Supreme Court, which was not obtained. Consequently, we must dismiss the Terex appeal for lack of jurisdiction.

### III. *Rule 54(b) Final Judgment*

¶27. Davenport also argues that the circuit court erred in granting Rule 54(b) certification of the Hertz summary judgment. We apply an abuse-of-discretion standard when reviewing a Rule 54(b) final judgment. *Laird v. ERA Bayshore Realty,* 841 So. 2d 178, 180 (¶7) (Miss. Ct. App. 2003). "Where a summary judgment dismisses some of the parties to a lawsuit, but not all of the parties, Rule 54(b) . . . governs." *Fairley v. George Cty.,* 800 So. 2d 1159, 1161 (¶4) (Miss. 2001). "A 54(b) certificate should be reserved for a case where a delay in the appeal might result in prejudice to a party." *Cox v. Howard, Weil, Labouisse, Friedrichs Inc.,* 512 So. 2d 897, 900 (Miss. 1987).

¶28. The core of Davenport's argument here is that because the circuit court had not ruled on his pending motion for reconsideration, it erred in certifying Hertz's summary judgment as a Rule 54(b) judgment. In support of his argument, Davenport contends that Hertz had failed to provide any facts or evidence demonstrating any prejudice that it would suffer by remaining as a party in the case until his motion for reconsideration was decided. Davenport also insists that final judgments under Rule 54(b) are rare and that the courts are to consider the following factors when determining whether a final judgment should be issued: "[1] Whether the claims under review [are] separable from the others remaining to be adjudicated

16

and [2] whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Reeves Constr. & Supply Inc. v. Corrigan,* 24 So. 3d 1077, 1083 (¶16) (Miss. Ct. App. 2010) (internal citations and quotations marks omitted). Davenport also contends that Hertz's argument that his claim against Hertz is in no way related to the other claims in this matter is erroneous. As such, Davenport postulates that, but for Hertz's involvement, the incident would not have occurred, and Davenport would not have had claims against any of the other parties.

¶29. In response, Hertz argues that the Rule 54(b) final judgment was proper based on significant anticipated delay and the distinct nature of Davenport's remaining claims against other defendants. Hertz contends that it would be unfair for it to be forced to wait for a final judgment. Hertz also argues that it is not relevant that the claims against the other defendants may have risen out of common facts and that the measure is whether the claims against the defendants are distinct in nature. *Ind. Luberman's Mut. Ins. v. Curtis Mathes Mfg.,* 456 So. 2d 750, 752-53 (Miss. 1984).

¶30. We agree with Hertz and find that Davenport's motion for reconsideration did not prevent the court from entering a final judgment in favor of Hertz. Davenport has failed to offer any authority for his argument that a court errs by granting a motion for entry of a Rule 54(b) judgment while an opposing motion for reconsideration is still pending. Moreover, the record reflects that the circuit court denied Davenport's motion for reconsideration on the

17

same day that it granted Hertz's Rule 54(b) final judgment. Therefore, we find that the circuit court did not abuse its discretion in granting the 54(b) final judgment and dismissing the claims against Hertz. This issue is without merit.

CONCLUSION

¶31. As to Davenport's claims against Hertz, we find that summary judgment was properly granted in favor of Hertz, as the statute of limitations had run, and Hertz was not properly substituted pursuant to Rule 9(h), but even if it was, the relating-back provision of Rule 15(c)(2) did not apply because Davenport failed to establish that he utilized reasonable diligence in an effort to timely identify Hertz as a fictitious party. Also, we cannot find that the circuit court abused its discretion in granting a Rule 54(b) certification of Hertz's summary judgment. Consequently, we affirm the judgment of the Circuit Court of Rankin County granting summary judgment in favor of Hertz. However, we dismiss the appeal of the summary judgment granted to Terex as not a final, appealable judgment.

¶32. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED AS TO HERTZ, AND THE APPEAL OF THE JUDGMENT IN FAVOR OF TEREX IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.**